# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTIAN M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:18-cv-00696-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff Christian M.[1] ("Mr. M.") sought review by this Court, pursuant to 42 U.S.C. § 405(g), of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. The Court heard oral argument on Mr. M.'s request for judicial review on February 2, 2020. At the hearing, attorney Loren M. Lambert appeared on behalf of Mr. M., and attorney Michael Thomas appeared on behalf of the Commissioner. At the conclusion of the hearing, the Court remanded the matter for further consideration of the record, as outlined herein.

## BACKGROUND

Mr. M. filed an application for Title II disability benefits with a protective filing date of March 5, 2015, with an alleged onset date of disability of July 1, 2010. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. (Tr. 12). Mr. M.

---

[1] Pursuant to best practices adopted in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by his first name and last initial only, as Mr. M., or as "Plaintiff," in this Order.

1

timely requested a hearing, and on August 3, 2017, an Administrative Law Judge ("ALJ") held a hearing on his disability determination (Tr. 12). On September 19, 2017, the ALJ found Mr. M. not disabled (Tr. 21).

In his decision, the ALJ found that Mr. M. had severe medically determinable impairments of bipolar II, anxiety, mood, and attention deficit disorders (Tr. 13) and that he "had the residual functional capacity to perform a full range of work at all exertional levels, but had ... [n]onexertional limitations [to be able to] ... understand, remember, and carry out short, simple instructions...[,] make simple work-related decisions, ... interact with supervisors and coworkers, but should only have brief and superficial interactive contact with the public...." (Tr. 16).

Mr. M. timely appealed the decision to the Appeals Council (Tr. 1), who subsequently denied his Request for Review on July 12, 2018 (Tr. 3). He appealed the decision by filing a Complaint with this Court on September 6, 2018. (ECF No. 3.) On March 13, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (ECF No. 21)

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner. The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. § 405(g). In addition to a lack of substantial evidence, the Court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.

1994); *Thomson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). However, the Court "may neither re-weigh the evidence nor substitute [its] own judgment for that of the agency." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax*, 489 F.3d at 1084. However, when there is "no evidence in the record" of a particular finding of fact, an "ALJ cannot substitute [his or her] lay opinion for that of a medical professional." *Id.* at 1089. Furthermore, evidence is not substantial if it is overwhelmed by other evidence, or if it is actually a mere conclusion. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). This Court must also determine whether the ALJ's action is consistent with the Social Security Act and the relevant regulations and case law. Failure to apply the correct legal standard is grounds for reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

Furthermore, in accordance with *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012), the ALJ must consider all the medical opinions in the record, discuss the weight assigned to such opinions, and explain the weight given to all medical providers. If the failure to do so indicates that "giving greater weight" to the opinion would have resulted in a different outcome, then this failing equates to reversible error. *Id.* at 1162–63.

## ISSUES PRESENTED FOR REVIEW

Mr. M. challenged the ALJ's decision on two issues. He argued that the ALJ: (1) improperly analyzed the expert medical opinions and substituted his own opinion for that of the experts, and (2) improperly analyzed the lay witness testimony in conjunction with the expert

1994); *Thomson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). However, the Court "may neither re-weigh the evidence nor substitute [its] own judgment for that of the agency." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax*, 489 F.3d at 1084. However, when there is "no evidence in the record" of a particular finding of fact, an "ALJ cannot substitute [his or her] lay opinion for that of a medical professional." *Id.* at 1089. Furthermore, evidence is not substantial if it is overwhelmed by other evidence, or if it is actually a mere conclusion. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). This Court must also determine whether the ALJ's action is consistent with the Social Security Act and the relevant regulations and case law. Failure to apply the correct legal standard is grounds for reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

Furthermore, in accordance with *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012), the ALJ must consider all the medical opinions in the record, discuss the weight assigned to such opinions, and explain the weight given to all medical providers. If the failure to do so indicates that "giving greater weight" to the opinion would have resulted in a different outcome, then this failing equates to reversible error. *Id.* at 1162–63.

## ISSUES PRESENTED FOR REVIEW

Mr. M. challenged the ALJ's decision on two issues. He argued that the ALJ: (1) improperly analyzed the expert medical opinions and substituted his own opinion for that of the experts, and (2) improperly analyzed the lay witness testimony in conjunction with the expert

medical opinions. As a consequence of these errors, Mr. M. argued that the ALJ did not base his decision on substantial evidence.

In determining whether a plaintiff qualifies as disabled, the ALJ must consider and weigh all acceptable medical source opinions. *See* 20 C.F.R. § 404.15279(c) ("Regardless of its source, we will evaluate every medical opinion we receive"). Medical opinions "are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

Because Mr. M. filed his case prior to March 27, 2017, Social Security regulations require that the decision maker evaluate the medical opinion evidence in accordance to 20 CFR § 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

If the ALJ finds a treating physician's opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the] case record," the ALJ must give the opinion controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ failed to analyze the clinical and laboratory diagnostic techniques used by Mr. M.'s treating psychiatrist, Dr. Lin (Tr. 18). Instead, he skipped directly to finding the opinions "disproportionate to the objective medical evidence of record, including the essentially normal mental status examinations and relatively conservative course of treatment, which does not establish any persistent 'marked' functional limitations." (Tr. 18.)

> Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using" the following factors:
>
> "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided

and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion."

*Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)). To reject a medical opinion, the ALJ must provide " 'specific, legitimate reasons.' " *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (quoting *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996)).

The ALJ's decision did not discuss the length of Dr. Lin's treatment relationship, or frequency of examination, the nature and extent of the treatment relationship, the treatment provided, and/or her specialty in treating mental health conditions. The ALJ's decision need not discuss explicitly all the factors for each medical opinion. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that a lack of discussion of each factor does not prevent the court from according the decision meaningful review). However, an "ALJ cannot substitute [his or] her lay opinion for that of a medical professional." *Lax*, 489 F.3d at 1089.

To get past the treating physician rule, substantial evidence in the record must contradict the treating physician's opinion on the points addressed by the ALJ as a basis to reject giving controlling weight to the opinion. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ relies on "normal" status evaluations and relatively conservative course of treatment to discredit Dr. Lin's opinion (Tr. 18). Looking to the other medical opinions in the record, two state agency psychologists reviewed Mr. M.'s medical record and opined that as of Mr. M.'s 2011 "date last insured," insufficient evidence existed to establish Mr. M.'s functional limitations (Tr. 98, 108). However, the ALJ correctly acknowledged that the two state agency psychologists did not evaluate all the medical evidence (Tr. 18). More specifically, their opinions show that the agency physicians had

5

neither Dr. Lin's treatment records nor her opinions (Tr. 96-97, 105-106). In addition, the agency physicians did not have Mr. M.'s accommodation paperwork (Tr. 267-68.) As a result, the ALJ gave their opinions some weight but acknowledged they had insufficient evidence to evaluate Mr. M.'s case (Tr. 18). Additionally, neither of the agency physicians examined or tested Mr. M.

There are no other medical opinions in the record. Thus, when the ALJ draws conclusions about normal mental status exams and a conservative course of treatment, he substitutes his judgment for that of a medical professional. The ALJ could have ordered a consultative exam and/or had a medical expert present for the hearing. He did not and instead substituted his opinion for that of a medical professional. Substantial evidence does not exist in the record now to contradict Dr. Lin's opinion.

Consequently, the ALJ failed to evaluate the medical source opinions of treating psychiatrist Dr. Lin properly. Dr. Lin opined that Mr. M. had marked difficulties in maintaining attendance and punctuality, sustaining ordinary routines absent special supervision, completing a normal workday and week without substantial interruptions from his psychological impairments, and dealing with work stress (Tr. 18 (citing Exs. 5F & 10F)). Had the ALJ given Dr. Lin's opinion controlling weight, Mr. M. might have met the listings for 12.04 (depressive, bipolar, and related disorders) or 12.06 (anxiety and obsessive-compulsive disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. In any event, controlling weight would have disqualified Ms. M. from any jobs in the national economy because Dr. Lin opined that Mr. M. would miss four days of work a month and be less than 80% as productive as an average worker (Tr. 563). The vocational expert testified that if Mr. M. were off-task for 20% of the work day or month, no jobs would exist in the national economy that Mr. M. could perform (Tr. 86-87). Thus, in any

6

event, the ALJ's improper analysis does not constitute "harmless error." In the absence of a proper analysis of Dr. Lin's opinion, the Court cannot determine how the ALJ would have ruled had he followed the proper procedure. Therefore, this Court remands to the ALJ for reevaluation.

## CONCLUSION

For the foregoing reasons, the Court REMANDS the Commissioner's decision. The ALJ is directed to analyze Mr. M.'s psychiatric impairments pursuant to 20 C.F.R. § 404.1920 and to consider all medical opinions as required under 20 C.F.R. § 404.1927.

Also, since the ALJ has determined that Mr. M. has the severe impairment of bipolar, the ALJ is directed to look at the totality of lay witnesses' testimony, and analyze it to determine, not just that Mr. M. may have had periods high functionality, but if he had intermittent, chronic periods of manic and depressive stages of his illness that interfered with his ability to engage in consistent behavior and activity that would be compatible with substantially gainful activity. The ALJ should also determine whether or not Mr. M.'s statements indicated that he was functioning at a high level, or if Mr. M.'s mania was interfering with his self-awareness and perception of reality and thereby causing him to report that he was functioning at a high level when he was not.

If the ALJ is disinclined to grant Dr. Lin's opinion controlling weight or any weight, to ensure that the ALJ does not substitute his judgment for that of the medical experts, the ALJ should retain the services of a consultive examiner or medical expert. This expert can then advise and assist the ALJ in determining if Dr. Lin's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," or if it is "inconsistent with other

7

substantial evidence." If it is not, then the consultative examiner or medical expert can provide the necessary expertise to determine Mr. M.'s residual functional capacity.

DATED this 16th day of March, 2020.

BY THE COURT:

Magistrate Judge Evelyn J. Furse
United States District Court